Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 496 - 1 | **DATE** | 7/10/2002 |
| **CASE TITLE** | United States of America vs. Samuel G. Peeples | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss indictment is denied. Enter memorandum opinion and order.
(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 11 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 65 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL 10 PM 6:09 | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
) **DOCKETED**
)
) **JUL 1 1 2002**
)
) No. 01 CR 496
-vs.- )
)
SAMUEL G. PEEPLES ) Senior Judge George W. Lindberg
)

## MEMORANDUM OPINION AND ORDER

Counsel for Defendant Samuel G. Peeples has moved to dismiss the indictment against him, which alleges a violation of 18 U.S.C. § 922(k). For the reasons stated below, the Court denies Defendant's motion.

**DISCUSSION**

Peeples is charged in a three-count indictment. Count 1 alleges that on or about May 23, 2001, Peeples forcibly assaulted and interfered with agents of the Federal Bureau of Investigation while they were engaged in the performance of their official duties, and in so doing used a deadly and dangerous weapon, in violation of Title 18, United States Code, Section 111 (a) & (b). Count 2 alleges that Peeples used, carried and brandished a firearm during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, namely, assault of a federal officer, in violation of Title 18, United States Code, Sections 111(a) and (b), and extortion affecting interstate commerce, in violation of Title 18, United States Code, Section 1951(a). Count 3 of the indictment alleges that the Defendant knowingly possessed and received a firearm which had the

manufacturer's serial number removed, obliterated and altered, namely an Intratec 9 millimeter semi-automatic pistol, which had been transported in interstate commerce in violation of Title 18, United States Code, Section 922(k).

Section 922(k) charges that: "It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce."

In moving to dismiss the indictment, Peeples argues that 18 U.S.C. § 922 (k) is unconstitutional for three reasons: (1) Count 3 is unconstitutional on its face because the conduct it proscribes–the intrastate possession of a firearm with a obliterated serial number–does not have a substantial effect upon interstate commerce and thus does not constitute a valid exercise of Congress' authority under the Commerce Clause; (2) Section 922 (k) is unconstitutional as applied to this case because there was no evidence that Defendant's possession of the gun with an obliterated serial number substantially affected interstate commerce; (3) the penalty statute, Section 924(a)(1)(B), is unconstitutional as enacted by Congress because it does not require a commerce nexus.

### A. Constitutionality of 18 U.S.C. § 922(k)

Defendant's basic argument that 18 U.S.C. § 922(k) is unconstitutional is that Congress did not have the power under the Constitution's Commerce Clause to enact § 922(k), because the interstate-commerce element in that statute does not meet the Commerce Clause requirements spelled out in United States v. Lopez, 514 U.S. 549

(1995) (striking down a different statute, 18 U.S.C. § 922(a) as unconstitutional).

However, the Seventh Circuit rejected this argument in considering the analogous provisions of 18 U.S.C. § 922(g).[1] In United States v. Bell, 70 F. 3d 495, 498 (7th Cir. 1995) the Seventh Circuit explained that, prior to Lopez, it "had no trouble concluding that 'Congress intended to reach the possession of firearms broadly' and that the mere movement of a weapon, at some time, across state lines satisfied the commerce element of §§ 922(g)(1)." The Court held that Lopez did not affect this prior holding, and that under the Lopez analysis, § 922(g)(1) does not exceed congressional power under the Commerce Clause. Id. The Court reasoned that unlike the statute at issue in Lopez, 18 U.S.C. § 922(g) "contains an explicit requirement that a nexus to interstate commerce be established." Id. The analogous statute in the case at hand, 18 U.S.C. § 922(k) also has this explicit requirement that a nexus to interstate commerce be established. In United States v. Williams, 128 F. 3d 1128, 1133 (7th Cir. 1997) the Seventh Circuit again rejected a Lopez challenge to § 922(g), and noted that "every other circuit which has addressed this issue has held likewise."

The Defendant argues that the Supreme Court's decisions in United States v. Morrison 120 S. Ct. 1740 (2000) (the Violence Against Women Act exceeded Congress' power under the Commerce Clause), and Jones v. United States, 120 S.Ct. 1904 (2000) (the federal arson statute covered only arson of property that itself was currently used in interstate commerce or in an activity affecting commerce), make the Seventh Circuit's post-Lopez decisions invalid. However, the Seventh Circuit has also explicitly rejected this argument. In United States v. Wesela, 223 F. 3d 656, 659 (7th Cir. 2000), the defendant argued that 18 U.S.C. § 922(g) was unconstitutional because it exceeded Congress' power under the Commerce Clause. Id. The Seventh Circuit held that

---

[1] 18 U.S.C. § 922(g) reads, in part, "It shall be unlawful for any person. . .to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

"[n]othing in United States v. Morrison or in Jones v. United States, causes us to think that a different result is now required for § 922(g)...Nothing in either case casts doubt on the validity of § 922(g), which is a law that specifically requires a link to interstate commerce. Id. Therefore, the Court holds that the analogous statute, § 922(k), is valid and constitutional.

### B. Constitutionality of Section 992(k) as applied to the facts

The Defendant argues that there was no evidence that Defendant's possession of the gun with an obliterated serial number substantially affected interstate commerce, or that it had any effect whatsoever on commerce, interstate or intrastate, such that applying Section 922(k) to the facts of this case would be unconstitutional. In Scarborough, the Supreme Court held that regarding 18 U.S.C.A. App. § 1202 (a), Congress intended no more "than the minimal nexus that the firearm have been, at some time, in interstate commerce." 431 U.S. 563 at 575. In Bell, the Seventh Circuit noted that in its earlier decision United States v. Lowe, 860 F. 2d 1370 (7th Cir. 1988) it "had no trouble concluding that 'Congress intended to reach the possession of firearms broadly' and that the mere movement of a weapon, at some time, across state lines satisfied the commerce element of §§ 922(g)(1)." The Seventh Circuit then held in Bell that Lopez did not cast doubt on either Scarborough and Lowe. In the case at hand, the indictment alleges that the gun Defendant possessed had moved across state lines. Therefore, consistent with the holdings of the Seventh Circuit, the indictment does not need to allege that Defendant himself moved the weapon across state lines in order to be constitutional.

### C. Constitutionality of Section 924

The Defendant argues that the penalty provision, § 924(a)(1)(B), is unconstitutional because it does not contain a "commerce nexus." However, the Court agrees with the government that § 924(a)(1)(B) does not create a separate, freestanding offense. Rather, the statute is simply a penalty provision which provides the maximum

sentence if the Defendant is convicted of a violation of § 922(k). There is no reason that Section 924 must contain an interstate commerce element.

ORDERED: For the foregoing reasons, the Court denies Defendant's motion to dismiss the indictment.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: JUL 1 0 2002