# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 496 | **DATE** | 12/11/2002 |
| **CASE TITLE** | USA vs. Samuel G. Peeples | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. We find that sufficient evidence demonstrates the existence of the extortion conspiracy as referenced in Count Two of the indictment and the defendant's membership and role in that conspiracy. Accordingly, the defendant's objections to the government's Santiago proffer is denied and the evidence, if a foundation is otherwise properly established, is deemed admissible at trail pursuant to Evidence Rule 801(d)(2)(E).

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 01 Cr 496 |
| Vs. | ) | Judge Ronald A. Guzman |
| | ) | |
| Samuel G. Peeples | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant has filed a response to the government's Santiago proffer which seeks to admit recorded conversations between Donald Prince, Sr. and the alleged kidnappers of Donald Prince, Jr. Defendant sets forth only two arguments in his response. First, defendant claims that "there is no evidence that more than one person was involved in the kidnaping of Prince, Jr." Second, defendant argues that "there is absolutely no evidence, not even slight evidence, to prove that Peeples knowingly joined the extortion conspiracy."

Both parties agree that a conspiracy constitutes an agreement by at least two people to commit an illegal act. See United States v. Greer, 467 F.2d 1064, 1069 (7th Cir.1972).

1

It is the government's position that defendant conspired with others who were involved in the kidnapping of Donald Prince's son. In support of its position the government points to specific evidence supporting the conclusion that more than one person was involved in the kidnaping. For instance, in the very first lines of call 4 (the first call appended to the government's initial <u>Santiago</u> filing), Donald Prince, Jr. refers to his kidnappers in the plural - "they" - thus indicating that more than one individual is involved in the kidnaping. The kidnappers also refer to themselves in the plural.

> Donald, Jr.: Yeah (UI) but, *they* will kill me dad, so just, just run the money. I ain't trying to die like this yo.

> UM: Just be patient, you understand? *We* think you trying to pull a trick (UI) with the police.

> UM: Exactly. And, and no *motherfuckers* put their hands on your son and shit.

Later calls also reference numerous people in relation to the kidnaping. For example, call 7, page 2 (Donald, Jr.: ". . . *They* ain't done nothing to me, I'm gonna live."; UM: *"We* need this money, man."); call 13, page 1 (UM: " . . . okay those niggers on

2

the block *don't worry about them niggers. They, they posting for us,"*); call 14, page 5 (Donald, Jr.: *"They* ain't playin' about this though."; Donald, Jr.: *"They* in control of this. *They* have me dad."; UM: "You understand that *we* in control of the situation. *We* have your son."); call 19, page 6 (UM: *"We're* fixin' to kill your son then man.") call 19, page 7 (UM: "You hear me. If *we* send the motherfucker down there to get that money you're gonna give him the money right?"); call 19, page 8 ("No, no *we* gonna send the motherfucker down there."). Likewise, in defendant's post-arrest statement, he admitted that he got into a car with four other Gangster Disciples and one of them told him about his assignment - to pick up the money. The conversations throughout by all concerned reference more than one kidnaper. Thus, the evidence demonstrates that there was a plan or agreement between two or more people, a conspiracy.

There is also sufficient evidence to establish that the defendant knew of the extortion plan and joined in it. First, the kidnappers told the victim's father that they were sending someone to the father's location to pick up the money. Call 19, page 8; call 20. Minutes later, the defendant, Samuel Peeples appeared to pick up the extortion money. When he was surrounded by law enforcement agents after he was shot, the agents asked the defendant where the kidnap victim was. He responded: "5616 S. Aberdeen" - the same address where the kidnappers originally wanted the ransom money dropped - thereby indicating a knowledge of the kidnaping plan. Defendant joined the extortion conspiracy when he agreed to pick up the ransom money, if not sooner. He took a substantial step by going to the drop site in an attempt to pick up the money.

## Conclusion

For the reasons given above we find that sufficient evidence demonstrates the existence of the extortion conspiracy as referenced in Count Two of the indictment and the defendant's membership and role in that conspiracy. Accordingly, the defendant's objections to the government's Santiago proffer is denied and the evidence, if a foundation is otherwise properly established, is deemed admissible at trial pursuant to Evidence Rule 801(d)(2)(E).

Dated: December 11, 2002

Enter:

*[signature]*

Judge Ronald A. Guzman