# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 496 | **DATE** | 1/6/2003 |
| **CASE TITLE** | USA vs. SAMUEL G. PEEPLES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the government's motion to exclude specific portions of a post-arrest statement made by defendant Samuel Peeples is denied. Of course, the exculpatory statements will be admissible under the rule of completeness only if the prosecution first offers the defendant's statement of which they are a part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 07 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 96 |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) No: 01CR496 |
| | ) |
| SAMUEL G. PEEPLES | ) |

**MEMORANDUM OPINION AND ORDER**

The government has filed a motion in limine to exclude specific portions of a post-arrest statement made by defendant Samuel Peeples. For the reasons stated below, the motion is denied.

**FACTS**

The government's version of the facts is as follows. On May 23, 2001, defendant was arrested by FBI agents after he attempted to pick up a bag filled with ransom money. The money had been dropped at the corner of Garfield Boulevard and Carpenter Street on the South Side of Chicago by a man named Donald Prince, whose son was being held hostage. Prince, who was working with the FBI at the time, had agreed with the kidnappers that he would drop the money at the corner of Garfield Boulevard and Carpenter Street. The kidnappers told Prince that they would send their guy to pick up the money. A few minutes later, defendant arrived at the scene. As defendant attempted to pick up the bag, FBI agents emerged from the black sport utility vehicle where the money had been dropped. Defendant began to run away. As he was being chased, he began to turn around toward one of the agents, who saw defendant holding a gun. The agent shot the defendant twice. When FBI agents and CPD officers converged on the defendant, they rolled him over and found him cradling a Tec-9 weapon in his stomach area. Agents asked defendant where the "kid" was, and he responded: "5616

1

S. Aberdeen" - the same address where the kidnappers had first wanted the ransom money dropped.[1]

Defendant subsequently gave a statement to two FBI agents after being advised of his rights and waiving them. A copy of that statement is attached hereto as Exhibit A. Defendant said, in relevant part, that he had been in the area of 56th and Aberdeen earlier that evening. He had been approached by two members of the Gangster Disciples, "Black Mike" and "Bam." Defendant admitted that he was also a member of the Gangster Disciples. Black Mike told defendant that he would be given $1,000 to pick up a package. Defendant asked if there were drugs in the package. Black Mike responded, "No, it's just some money some nigger owes me." Defendant agreed to do the job. He then got into a car with Black Mike, who was going to show him where to pick up the money. There were other Gangster Disciples in the car. They drove to the area of Carpenter Street and Garfield Boulevard, Black Mike pointed out a black truck and told defendant that the people in the truck had the package they wanted defendant to retrieve. Black Mike then gave defendant a Tec-9 handgun. He explained to the defendant that the reason for the handgun was that he was to pick up the money from drug dealers who may be dangerous. Defendant was to return to a house in the area of 56th and Aberdeen. In his statement, defendant admitted that he then got out of the vehicle and approached the black truck. Defendant also admitted that he was shot twice - first in the wrist and second in the buttocks/left hip area. The United States represents that it intends to elicit all of the above statements at trial as admissions. The United States does not intend to elicit any other

---

[1] The government admits that the toDefendant was not yet *Mirandized* when he gave the statement concerning the location of the kidnap victim. However, the prosecution argues that the statement is admissible under the "public safety" exception to the requirement that *Miranda* rights be given before a statement is admitted into evidence, *See New York* v. *Quaries, 461* U.S 649 (1984) (defendant's initial statement indicating whereabouts of gun in supermarket where defendant was apprehended and gun itself admissible despite failure to read defendant his *Miranda* rights in view of existence of "public safety" exception to *Miranda*).

2

statements made by the defendant in his post-arrest statement and has filed this motion seeking a ruling that any other statements are hearsay and do not meet the requirements of Rule 804(b)(3) of the Federal Rules of Evidence; the statements against interest exception. The Government requests that this court prohibit defendant from introducing the portions of the confession that do not meet Rule 804(b)(3).

Specifically, the Government requests that this court exclude defendant's statement that he "never touched the weapon that was inside his jacket"; that he never turned toward the agent; and the "only motion he made was his arms moving forward and back when he was running." These statements, the prosecution maintains, are hearsay, do not meet the statement against interest exception, and are therefore not admissible. The Government requests that this Court prohibit the use of these statements during cross-examination and direct testimony.

### RULE 804(b)(3)

The United States Supreme Court has made clear that exculpatory statements such as the those made by defendant are not admissible at trial. *See Williamson v. United States*, 512 U.S. 594 (1994), Only those declarations or remarks within a confession "that are individually self-inculpatory" are admissible. *Id.* at 600. The correct reading of Rule 804(b)(3) "is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory," *Id.* at 600-01. As the Supreme Court explained in *Williamson:* "Self-exculpatory statements are exactly the ones which people are most likely to make even when they are false; and mere proximity to other, self-inculpatory, statements does not increase the plausibility of the self-exculpatory statements." *Id.* at 600. 'The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts," because, as the *Williamson* Court made clear: "One of the most effective ways

3

to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature." *Id.*

The Seventh Circuit has consistently followed the reasoning and holding in *Williamson*. "[A]fter *Williamson*, each portion of the proffered out-of-court statement must be examined to determine whether it tended to subject the declarant to criminal liability." *United States v. Nagib*, 56 F.3d 798, 804 (7th Cir. 1995); *See also United States v. Westmoreland*, 240 F.3d 618, 626 (7th Cir. 2001). Likewise, in *Carson v. Peters*, the Seventh Circuit followed *Williamson* and held portions of a confession inadmissible even though they were part of a general confession. 42 F.3d 384 (7th *Cir.* 1994). The defendant sought to introduce evidence that his brother had confessed to the shooting and in that confession stated that he had worn a white hat. *Id.* at 385. A witness to the shooting had seen an individual wearing a white hat at the window where the shots were fired. *Id.* at 386. "Portions of inculpatory statements that pose no risk to the declarants are not particularly reliable; they are just garden variety hearsay." *Id.* The Seventh Circuit affirmed the state court's reasoning that the statement by the brother that he had worn a white hat could have been intended by his brother to draw attention away from a possible third participant in the shooting and was therefore inadmissible. *Id* The Seventh Circuit held that the statement when viewed separately was properly excluded even though the statement was part of a general confession.

In this case, it is evident that the statements that defendant "never touched the weapon that was inside his jacket" and that the "only motion he made was his arms moving forward and back when he was running" do not fit Rule 804(b)(3). Rule 804(b)(3) requires that the proponent of an inculpatory hearsay statement show that "(1) the declarant is unavailable to testify at trial; (2) the statement was against the declarant's penal interest; and (3) corroborating circumstances bolster the statement's trustworthiness," *United States v. Shitkri*, 207 F, 3d 412, 416 (7th Cir. 2000), These

statements fail the requirements of Rule 804(b)(3), The statements are not against defendant's penal interest. The statements in the context of this case show that they were most likely made to avoid prosecution for assaulting a federal officer and cannot be construed to be an admission of guilt.

## THE RULE OF COMPLETENESS (Federal Rule of Evidence 611(a))

Defendant argues that Rule 106 of the Federal Rules of Evidence, which requires the admission of statements exculpatory or otherwise that would avoid misleading the jury and insure a fair and impartial trial, also requires the inclusion of defendant's exculpatory statements. Rule 106 of the Federal Rules of Evidence states:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

As we see, by its terms the rule refers to written or recorded statements. However Rule 611(a) gives the district courts the same authority with respect to oral statements and testimonial proof. See Weinsteins Evidence Vol. 1, 106-4 (1992 Ed.) And the Seventh Circuit has applied a Rule 106 analysis with respect to oral statements and testimonial proof. *United States v Haddad,*, 1258, 39 Fed. R. Evid. Serv. 1332 (7th Cir 1993); citing *United States v. Lewis*, 954 F.2d 1386, 1392 (7th Cir.1992). Furthermore, to determine whether evidence qualifies or explains evidence offered by the opponent, we apply a four-part test: (1) does it explain the admitted evidence (2) does it place the admitted evidence in context (3) will admitting it avoid misleading the trier of fact (4) will admitting it insure a fair and impartial understanding of all the evidence. *United States v.Velasco,* 953 F. 2d 1467,1475 (7th Cir. 1992)(citations omitted); *See Haddad,* at 1259. The statements the defendant seeks to admit are clearly relevant as they relate to the main issue in the case, whether Mr. Peeples assaulted a federal officer. The defendant argues that these statements corroborate physical evidence that shows he was shot from the

5

back while he was running away and not, as the prosecution would have us believe, as he turned towards the agent and pointed his gun. From our review of the documents we cannot reach a firm conclusion one way or the other as to this assertion. The wounds are described in different ways in different reports such that the precise location of the entry and exit wounds is not clear. Suffice it to say that the statements offered by the defendant clearly relate to physical evidence (the number and location of entry and exit wounds on his body and clothing) and offer an alternative explanation to the trier of fact in interpreting this evidence. Moreover, the statements offered by the defendant will place the statements offered by the prosecution in perspective and diminish the possibility that a juror hearing only that portion of the statement being offered by the prosecution will conclude that the defendant failed to deny turning and aiming his gun at the special agent. The portion of the statement offered by the prosecution establishes that the defendant was not expecting to find law enforcement officers at the scene, but rather someone who owed his fellow gang members money, or possibly drug dealers and that he expected them to be dangerous. This might lead a juror to believe that he would be predisposed to using his firearm. Or it may believe that because he admits to realizing that the men were police officers, he knowingly assaulted a law enforcement officer. In fairness, the jury should here the remainder of his statement in which he denies doing so. Although we disagree with the defendant's assertion that the statements the prosecution seeks to exclude fall under Rule 804(b)(3), we agree with the defendant that the statements are admissible under the rule of completeness to insure that the defendant's statements offered by the prosecution will not be misinterpreted by the trier of facts.

## CONCLUSION

For the reasons given above, the government's motion to exclude these statements is denied. Of course, the exculpatory statements will be admissible under the rule of completeness only if the prosecution first offers the defendant's statement of which they are a part.

SO ORDERED           ENTERED: January 6, 2003

*[signature]*
HON. RONALD A. GUZMAN
**District Judge**